**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

**DONALD ALLEN NEWTON** *et al.*                                                                     **PLAINTIFFS**

**v.**                                                              **CIVIL ACTION NO. 5:21-CV-P30-TBR**

**BRAD BOYD** *et al.*                                                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiffs Donald Allen Newton and Lorenzo McLaughlin filed the instant *pro se* prisoner

civil-rights action pursuant to 42 U.S.C. § 1983.  The Court has granted Plaintiffs leave to

proceed *in forma pauperis*.  This matter is before the Court for initial review of the complaint

pursuant to 28 U.S.C. § 1915A.  Upon review, the Court will dismiss some claims and allow

other claims to proceed for further development.

### I.  SUMMARY OF COMPLAINT

Plaintiffs are incarcerated as convicted prisoners at the Christian County Jail (CCJ).

They sue CCJ Jailer Brad Boyd; CCJ Deputy Jailers Steve Howard and David Burd; Advanced

Correctional Healthcare, Inc. (ACH), the medical provider at CCJ; and ACH Nurse "Don."

Plaintiffs sue the individual Defendants in both their official and individual capacities.

Plaintiffs allege that in January 2021 five inmates were transferred from CCJ to Roederer

Correctional Complex (RCC) and that officials from RCC subsequently notified Defendants

Boyd, Howard, and Burd that these inmates had tested positive for the coronavirus.  Plaintiffs

state that since January 2021 "there's been a major outbreak of some kind of illness" and that

Plaintiffs and more than 100 inmates "had/have covid related symptoms," including "no taste or

smell, headaches, coughs, fatigue."  Plaintiffs state that although they have visited "medical" on

multiple occasions due to these symptoms, they have repeatedly been told by Defendant Nurse

Don that "this facility will not test inmates here because success rate is 99% and they don't need

the positivity rate to go from 0% to however many of us are infected."  Plaintiffs state that

Defendant Nurse Don denies inmates "COVID-19 tests . . . not because of his employers policy

(Advanced Healthcare Inc.) but because [Defendants] Boyd, Howard, and Burd says he's not

allowed to . . . ."

Plaintiffs also state that CCJ "never tried to protect us from the virus.  No masks, no

sanitizer, no distancing."  They allege that "staff never wore masks to protect themselves or us

inmates until now because sickness is ramped through this jail."

As relief, Plaintiffs seek damages and injunctive relief.

## II.  LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601,

604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district

court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

　　Although this Court recognizes that *pro se* pleadings are to be held to a less stringent

standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent'

with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*,

610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a

claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful

strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

　　"Section 1983 creates no substantive rights, but merely provides remedies for

deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d

340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v.*

*Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502,

504 (6th Cir. 1991).

The Court construes the complaint as asserting Eighth Amendment claims for deliberate

indifference to Plaintiffs' safety and deliberate indifference to their serious medical needs.

### 1.  Official-Capacity Claims and Defendant ACH

"Official-capacity suits . . . 'generally represent [] another way of pleading an action

against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166

(1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

Thus, Plaintiffs' official-capacity claims against Defendants Boyd, Howard, and Burd are

actually against Christian County, and their official-capacity claims against Defendant Nurse

Don is actually against his employer, Defendant ACH.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct

issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights,*

*Tex.*, 503 U.S. 115, 120 (1992).  A municipality cannot be held responsible for a constitutional

deprivation unless there is a direct causal link between a municipal policy or custom and the

alleged constitutional deprivation. *Monell,* 436 U.S. at 691.  This same standard applies to

§ 1983 claims against private corporations, such as Defendant ACH, which contract to provide

medical services to inmates.  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996).

In the complaint, Plaintiffs specifically state that Defendant Nurse Don's alleged refusal

to test inmates for the coronavirus was based upon the instructions of Defendants Boyd, Howard,

and Burd and not the result of an ACH policy.  Thus, the Court will dismiss Plaintiffs' claims

against Defendant ACH and their official-capacity claims against Defendant Nurse Don for

failure to state a claim upon which relief may be granted.

Upon review, <u>the Court will allow Plaintiff's Eighth Amendment claims for deliberate</u>

<u>indifference to Plaintiffs' safety and for deliberate indifference to their serious medical needs to</u>

<u>proceed against Defendants Boyd, Howard, and Burd in their official capacities.</u>

### 2.  Individual-Capacity Claims

Upon review, <u>the Court will also allow Plaintiff's Eighth Amendment claims for</u>

<u>deliberate indifference to Plaintiffs' safety and for deliberate indifference to their serious medical</u>

<u>needs to proceed against Defendants Boyd, Howard, Burd, and Nurse Don in their individual</u>

<u>capacities.</u>

### IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiffs' claims against Defendant ACH and their official-

capacity claims against Defendant Nurse Don are **DISMISSED** pursuant to 28 U.S.C.

§ 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**Because no claims remain against Defendant ACH, the Clerk of Court** is

**DIRECTED to terminate it as a party to this action.**

The Court will enter a separate Service and Scheduling Order to govern the claims it has

allowed to proceed.

Date:  March 8, 2021

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:     Plaintiffs, *pro se*
        Defendants
        Christian County Attorney
4413.011

5